```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 16-CIV-22053-UNGARO
                            MAGISTRATE JUDGE P.A. WHITE
WARREN OLIVER,

        Plaintiff,

v.                                         REPORT OF
                                       MAGISTRATE JUDGE
KATHLEEN FUHRMAN, et. al.,

        Defendants.
_____/
```

## I. Introduction

The Plaintiff, Warren Oliver, while confined at the Tomoka Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. (DE#1). Plaintiff was granted permission to proceed *in forma pauperis*. (DE# 5).

Upon conducting an initial screening pursuant to 28 U.S.C. §1915, the Undersigned issued a preliminary report recommending the action be dismissed for failure to state a claim upon which relief could be granted. (DE# 6). The District Court adopted the report. (DE# 8). Petitioner appealed and the Eleventh Circuit vacated the District Court's order and remanded solely in order to provide the Plaintiff with an opportunity to amend his complaint. (DE# 19:8).

Plaintiff has filed an amended complaint. (DE# 22).[1] This Cause is presently before the Court for initial screening of the **amended complaint (DE# 22)** pursuant to 28 U.S.C. §1915, because the

---

[1] Although the amended complaint is 60 pages, each page has been copied five times. As a result, page two is found at page 5; page three is found at page 10, and so on.

plaintiff is proceeding *in forma pauperis*.

## II. Screening Standard

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings *in Forma Pauperis*
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (I)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)").

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on

3

its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

### III. Proceedings Regarding Original Complaint (DE#1)

The Preliminary Report provided as follows regarding the facts alleged in the original complaint:

> The Plaintiff sues the following defendants: (1) Kathleen Fuhrman, Public Health Nutrition Program Manager; (2) Shane Phillips, Operation Manager; (3) Craig McCormick, Public Health Nutrition Program Manager; (4) Julie Jones, Florida Department of Corrections Secretary; (5) John Doe, Food Service Director at Martin Correctional Institution; and (6) John Doe, Food Service Director at Dade Correctional Institution.
>
> Plaintiff is currently serving a life sentence at the Tomoka Correctional Institution in Daytona Beach, Florida. He complains that since 2013 he has been served "toxic" meat, namely patties containing soy product. He states that as a result of his consumption of these soy patties, he contracted H-pylori. Furthermore, he complains that his condition worsened in 2015, while he was incarcerated at Dade Correctional Institution and the Martin Correctional Institution, where he continued consuming the "toxic" meat and where the trays, cups and spoons were not cleaned properly.
>
> He alleges that Fuhrman, Philips, McCormick, and

---

[2]The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

4

> Secretary Jones all knew about the "toxic" meat however they continued serving it to prisoners. He further alleges that both John Does at the Dade and Martin Correctional Institutions served meat knowing it was toxic and also failed to require the inmates working in food service to properly clean the trays, spoons, and cups.
>
> Plaintiff provides an exhaustive list of ailments that the soy meat may cause; however, he does not allege that he has suffered any of these conditions. The only condition allegedly suffered by the plaintiff is H-pylori. The Center for Disease Control and Prevention defines H-pylori as a bacteria found in the lining of the stomach affecting nearly two-thirds of the worlds population and while most never suffer symptoms related to the infection, the bacteria may cause gastritis and ulcers.[3]
>
> As relief, Plaintiff seeks declaratory and injunctive relief along with compensatory and punitive damages.

(DE# 6:3-4). The Report next outlined applicable law regarding the Eighth Amendment prohibition of cruel and unusual punishment as well as the law regarding conditions of confinement. (Id.:5-6). Applying this law to the facts at hand, the Report went on to state:

> Plaintiff is a state prisoner claiming that his Eighth Amendment rights have been violated by Defendants Fuhrman, Phillips, McCormick, and Secretary Jones, who have instituted a meal plan which includes meat patties containing soy. He states that soy is hazardous to his health and that of other inmates. He further alleges that both John Does, food service directors, at the Dade and Martin Correctional Institutions serve the soy patties knowing the dangers thereof and have failed to properly clean eating utensils, cups, and trays.

(Id.:6).

---

[3] The website for the Center for Disease Control and Prevention defining H. pylori can be found at http://www.cdc.gov/ulcer/files/hpfacts.pdf.

5

> Here, plaintiff is not being deprived of the minimal civilized measure of life's necessities. Rather, the menu which he is being served includes soy patties which he claims has a long-term health consequence. It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.

(Id.:7)

> In this case, the Plaintiff's Complaint does not include any facts suggesting that the Defendants knew that soy protein is harmful to Plaintiff's health and that with such knowledge Defendants deliberatively ignored the known health risks. Plaintiff only concludes that Defendants Fuhrman, Phillips, McCormick and both John Does should have been aware of the potential harm to Plaintiff's health merely because of their positions within the FDOC. There are no allegations that the Defendants have been placed on notice by any person or governmental agency that soy protein is harmful. As to Secretary Jones, plaintiff only states that inmates and their family members have complained about the soy patties. However, he has failed to show that Jones was actually aware of an unreasonable risk of serious damage to his health or safety through eating soy protein. Nor has he pled that Defendants have used the deprivation of feeding him soy protein to punish, as required under Taylor. Taylor v. Adams, 221 F.3d 154, 1258 (11th Cir. 2000) (a viable eighth amendment claim includes a subjective intent by public officials involved to use the sufficiently serious deprivation in order to punish).
>
> Plaintiff has also failed to provide particularized allegations regarding the serious medical issues he suffered as a result of the ingestion of soy protein. While Plaintiff alleges that he got H. pylori from soy consumption, there are no allegations that Plaintiff has been examined and it has been determined that he has suffered any identifiable medical issue from eating soy protein. Simply put, Plaintiff has failed to allege facts demonstrating he suffers from a serious medical need or that experiencing digestive issues rises to the level of a constitutional violation. In sum, Plaintiff has failed to allege in his Complaint any facts which could

> demonstrate that the Defendants subjectively knew that soy protein caused serious health risks and with such knowledge deliberately served the soy protein with an intent to punish.

(Id.:8-9).

With respect to the claim that his Eighth Amendment rights were violated where John Doe Food Service Directors at DCI and MCI failed to require that inmates working in food service properly clean trays, cups, and spoons; the report provided as follows:

> Plaintiff's allegations that both John Doe Defendants failed to require that inmates working in food service properly clean trays, spoons, and trays, fails to rise to an Eighth Amendment violation. There is no indication that Defendants knew of and disregarded an excessive risk to inmate health or safety. Plaintiff does not allege that eating utensils and trays were not cleaned just that they were not clean to his satisfaction. Plaintiff has failed to establish that failing to properly clean trays and utensils is extreme and poses an unreasonable risk of serious damage to the prisoner's future health or safety.

(Id.:10).

The Plaintiff filed objections to the report. (DE# 7). Subsequently, the District Court adopted the report in full. (DE# 8). Plaintiff appealed. (DE# 12).

The Eleventh Circuit issued an order which first provided the law regarding screening under §1915(e) as well as the Eighth Amendment. (DE#19:4-6). The court next stated:

> [T]he district court did not err in dismissing the instant complaint for failure to state an Eighth Amendment claim. As for Oliver's complaints about the

7

> food, Oliver did not allege a condition sufficiently severe to establish an Eighth Amendment objection. See Chandler, 379 F.3d at 1289. Oliver alleged that the meat is "toxic," contains soy and rodent meat, and has long-term medical consequences for the inmates, including kidney stones, chronic acne, digestive problems, and lowered cognitive functioning. However, he did not say he personally has suffered from any of these issues, or even that he personally knows prisoners who have suffered from these issues. The only medical issue Oliver personally alleged he has suffered based on his exposure to the soy-laden products is H. pylori--a bacteria in his stomach--but he provided no details about the severity of his H. pylori symptoms. Thus, Oliver did not adequately allege that he was being deprived of constitutional rights based on poor nutrition. See Hamm, 774 F.3d at 1575.

(Id.:6-7).

The Eleventh Circuit also stressed:

> Oliver failed to allege facts showing that the prison officials acted with deliberate indifference to any serious medical need. See Farrow, 320 F.3d at 1245. Oliver claimed the defendants knew the meats were toxic based on complaints from sickened inmates and their families, but he did not allege any facts to suggest that any of the inmates presented evidence to the prison officials establishing that their illnesses stemmed from soy-based protein. Nor did he allege that any governmental agency, such as the U.S. Department of Agriculture or the U.S. Food and Drug Administration, has determined that soy protein is not safe for human consumption, much less that any of the prison officials were aware of any determination like that.

(Id.:7). With respect to Plaintiff's claim regarding dirty dishes, the Eleventh Circuit provided:

> Oliver's complaints about the cleanliness of the dishes at the prison do not state an Eighth Amendment claim. Oliver has not alleged that the dishes are not cleaned at

8

> all; he alleges only that they were not cleaned properly. And his prison grievances state that grease remained on the dishes after they had been washed. But this allegation is not sufficiently serious to show an Eighth Amendment violation because spots left on washed dishes simply do not show that Oliver has been deprived of a minimal civilized level of life's basic necessities. See Chandler, 379 F.3d at 1289.

(Id.:7-8).

Upon holding that "the district court did not err in dismissing Oliver's complaint for failure to state an Eighth Amendment claim," the court concluded:

> Nonetheless, the district court did err in dismissing Oliver's complaint **without permitting him leave to amend**. The record indicates that Oliver's complaint had not yet been served on any of the defendants, and none of the defendants had filed any responsive pleadings. As a result, Oliver was still able to amend his complaint as of right, and the district court could not dismiss his complaint without permitting him to amend it. See Brown, 387 F.3d at 1348-49. Oliver objected to the magistrate judge's report and recommendation ("R&R"), asserting, in part, that he should be allowed to amend his complaint to fix any deficiency. The district court provided no reason about why Oliver could not amend his complaint; rather, it summarily adopted the reasoning in the R&R. Accordingly, we vacate and remand to the district court for proceedings consistent with this opinion.

(Id.:8) (emphasis added).

In light of the Eleventh Circuit's opinion, the Plaintiff has filed an amended complaint. (DE# 22). As is noted above, this Cause is presently before the Court for initial screening of the **amended complaint (DE# 22)** pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

9

## IV. <u>Facts In Amended Complaint (DE# 22)</u>

The Plaintiff again sues the following defendants: (1) Kathleen Fuhrman, Public Health Nutrition Program Manager; (2) Shane Phillips, Operation Manager; (3) Craig McCormick, Public Health Nutrition Program Manager; (4) Julie Jones, Florida Department of Corrections Secretary; (5) John Doe, Food Service Director at Martin Correctional Institution; and (6) John Doe, Food Service Director at Dade Correctional Institution.

After conducing a side by side comparison, it is apparent that the Plaintiff copied the allegations contained in his original complaint onto his amended complaint. However, he did make some alterations and added a few facts.

In his original complaint, he alleged that Defendants Fuhrman, Phillips, and McCormick "knew about this toxic meat." (DE# 1:4). In his amended complaint, he asserts that each of these three defendants "knew that the toxic meat will deteriorate my health." (DE# 22:40).

In both the original and amended complaint, Plaintiff states that as a result of his consumption of these soy patties, he contracted H-pylori. (DE# 1:4; DE#22:40). In the amended complaint, he alleges that he has sharp stomach pains after eating, chronic constipation, diarrhea, lowering of cognitive functioning, lack of vitamin B12, and lower testosterone levels. (DE# 22:40).

Plaintiff again seeks declaratory and injunctive relief along with $500,000 in compensatory and punitive damages. (DE# 22:55).

## V. <u>Discussion</u>

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted). Further, §1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. Id. at 1513 (citing Baker v. McCollan, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful §1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

Plaintiff is a state prisoner claiming that his Eighth Amendment rights have been violated by Defendants Fuhrman, Phillips, McCormick, and Secretary Jones, who have instituted a meal plan which includes meat patties containing soy. He states that soy is hazardous to his health and that of other inmates. He further alleges that both John Does, food service directors, at the Dade and Martin Correctional Institutions serve the soy patties knowing the dangers thereof and have failed to properly clean eating utensils, cups, and trays.

The Eighth Amendment governs the treatment a prisoner receives in prison and the conditions under which he is confined. Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). However, not every governmental action affecting the well-being of

a prisoner is subject to Eighth Amendment scrutiny. <u>Whitley v. Albers,</u> 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. <u>Ingraham v. Wright</u>, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (<u>quoting</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); <u>see also Hamm v. DeKalb County</u>, 774 F.2d 1567, 1571-72 (11th Cir.1985).

A two-part analysis governs Eighth Amendment challenges to conditions of confinement. <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1289 (11th Cir.2004). First, under the objective component, a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The second part of the analysis requires prisoners to show that prison officials acted with a sufficiently culpable state of mind regarding the condition at issue. <u>Id</u>. at 8. In evaluating such claims, "[t]he proper standard is that of deliberate indifference." <u>Chandler</u>, 379 F.3d at 1289.

Here, plaintiff is not being deprived of the minimal civilized measure of life's necessities. Rather, the menu which he is being served includes soy patties which he claims has a long-term health consequence. It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions

12

which do not present an immediate danger to the health and well being of the inmates who consume it. Shrader v. White, 761 F.2d 975 (4th Cir.1985) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980)). The food in prison, however, need not be tasty or aesthetically pleasing but merely adequate to maintain health. Hamm v. DeKalb County, 774 F.2d at 1575 (prisoners must be provided reasonably adequate food.).

In his original complaint, he alleged that the defendants "knew about this toxic meat." (DE# 1:4). In his amended complaint, he simply adds, without factual support, that the defendants "knew that toxic meat will deteriorate my health." (DE# 22:40). In so doing, he did not cure the problems in the original complaint. The Plaintiff's Amended Complaint does not include any facts suggesting that the Defendants knew that soy protein is harmful to Plaintiff's health and that with such knowledge Defendants deliberatively ignored the known health risks. As he did in the original complaint, Plaintiff again concludes that Defendants Fuhrman, Phillips, McCormick and both John Does should have been aware of the potential harm to Plaintiff's health merely because of their positions within the FDOC. There are no allegations that the Defendants have been placed on notice by any person or governmental agency that soy protein is harmful. As to Secretary Jones, plaintiff only states that inmates and their family members have complained about the soy patties. However, he has failed to show that Jones was actually aware of an unreasonable risk of serious damage to his health or safety through eating soy protein. Nor has he pled that Defendants have used the deprivation of feeding him soy protein to punish, as required under Taylor. Taylor v. Adams, 221 F.3d 154, 1258 (11th Cir. 2000) (a viable eighth amendment claim includes a subjective intent by public officials involved to use the sufficiently serious deprivation in order to punish).

Unlike in the original complaint, the Plaintiff did identify some specific symptoms he has experienced as a result of the "toxic meat." Specifically, stomach pains, constipation, diarrhea, mental fogginess, lack of vitamin B12, and lower testosterone levels. However, the amended complaint also lacked allegations that Plaintiff has been examined and it has been determined that he has suffered any identifiable medical issue from eating soy protein. It is unclear how he would know that he has low vitamin B12 and/or testosterone levels. Plaintiff has again failed to allege facts demonstrating he suffers from a serious medical need or that experiencing digestive issues rises to the level of a constitutional violation.

In sum, Plaintiff has failed to allege in his Amended Complaint any facts which could demonstrate that the Defendants subjectively knew that soy protein caused serious health risks and with such knowledge deliberately served the soy protein with an intent to punish.

Moreover, Plaintiff also claims that his Eighth Amendment rights were violated where the John Doe Food Service Directors at Dade and Martin Correctional Institutions failed to require that inmates, working in food service, properly clean trays, cups, and spoons. In his amended complaint, Plaintiff does not provide any additional facts in connection with these allegations.

If nutritionally adequate food is prepared and served in a manner that does not present an immediate danger to the health and well being of the inmates who consume it, then there is no constitutional violation. Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980); French v. Owens, 777 F.2d 1250, 1255 (7th Cir.1985); Adams v. Mathis, 458 F.Supp. 302 (M.D.Ala.1978), affd, 614 F.2d 42

(5 Cir.1980). Dried food left on delivery carts and the sporadic discovery of foreign objects in food does not establish a constitutional violation absent a showing that an immediate danger existed. Landfair v. Sheahan, 878 F.Supp. 1106 (N.D.Ill.1994). Generally, the Constitution requires that food be prepared and served in a manner that reasonably accords with sound sanitary procedures so that inmates are not exposed to an unreasonable risk of disease. Grubbs v. Bradley, 552 F.Supp. 1052, 1123 (M.D.Tenn.1982). However, even unsanitary conditions may not constitute constitutional deprivations if a good faith effort has been made to maintain a clean area. Kennibrew v. Russell, 578 F.Supp. 164 (E.D.Tenn.1983).

Plaintiff has failed to establish an Eighth Amendment violation. As noted previously, in order to violate the Eighth Amendment, the risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir.2004). Furthermore, the prisoner must also show that the prison officials acted with deliberate indifference. Id. This involves something more than mere negligence and requires the prison official to know of and disregard an excessive risk to inmate health and safety. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). Generalized allegations about sharing "dirty" cells and using "filthy" showers, do not begin to approach the "extreme deprivations" needed to support a successful conditions of confinement claim. See Evans v. St. Lucie County Jail, 448 F. App'x 971, 974-75 (11th Cir. 2011) (unpublished decision).

The Plaintiff's allegations regarding the dirty trays in the original complaint are the same as the allegations in the amended

complaint. These allegations that both John Doe Defendants failed to require that inmates working in food service properly clean trays, spoons and trays, fails to rise to an Eighth Amendment violation. There is no indication that Defendants knew of and disregarded an excessive risk to inmate health or safety. Plaintiff does not allege that eating utensils and trays were not cleaned just that they were not clean to his satisfaction. Plaintiff has failed to establish that failing to properly clean trays and utensils is extreme and poses an unreasonable risk of serious damage to the prisoner's future health or safety.

*A. Injunctive Relief*

Plaintiff again seeks preliminary and permanent injunctive relief. "The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. Palmer, 287 F.3d at 1329; McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); Cate v. Oldham, 707 F.2d 1176 (11th Cir. 1983); Shatel Corp. v. Mao Ta Lumber and Yacht Corp., 697 F.2d 1352 (11th Cir. 1983); see also Parker v. State Board of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001). No such showing has been made here.

"In this Circuit, '[a] preliminary injunction is an

16

extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion'" as to the four requisites." McDonald's, 147 F.3d at 1306; All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)(a preliminary injunction is issued only when "drastic relief" is necessary); Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975)(grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994); see also Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)(noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

"'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl., 896 F.2d 1283, 1284 (11th Cir. 1990)." Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1265 (11th Cir. 2001). The "extraordinary remedy" provided by an injunction is only available when a "legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." Alabama v. United States Army Corps of Eng'rs, 424 F.3d 1117, 1127 (11th Cir. 2005).

In his amended complaint, plaintiff requests injunctive relief against all defendants. The standard for a permanent injunction is essentially the same as for a preliminary injunction except that

17

plaintiff must also show actual success on the merits instead of a likelihood of success." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004) (quoting Siegel, 234 F.3d at 1213). In addition to succeeding on the merits, a plaintiff must "demonstrate the presence of two elements: continuing irreparable injury if the injunction does not issue, and the lack of an adequate remedy at law." Siegel, 234 F.3d at 1213 (quoting Newman v. State of Ala., 683 F.2d 1312, 1319 (11th Cir. 1982)).

Plaintiff has not set forth a sufficient showing to warrant the entry of preliminary or permanent injunctive relief.

## VI. Conclusion

Based on the foregoing, it is recommended that the Amended Complaint (DE#22) be dismissed pursuant to §1915(e) for failure to state a claim upon which relief may be granted; and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Plaintiff from a de novo determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 5th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Warren Oliver
      781409
      Tomoka Correctional Institution
      Inmate Mail/Parcels
      3950 Tiger Bay Road
      Daytona Beach, FL 32124
      PRO SE